UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRELL K. ELEBY,

                    Plaintiff,

v.                                                                        9:14-CV-1468
                                                                      (GTS/ATB)

HAROLD GRAHAM, Superintendent, Auburn Corr.
Facility; GRAFTON ROBINSON, D.S.S., Auburn
Corr. Facility; JUSTIN THOMAS, D.S.P., Auburn
Corr. Facility; DEEN MARTIN, Food Serv. Adm'r
(Nutritionist) Auburn Corr. Facility; and CHERYL
V. MORRIS, Assistant Dir. of Ministry Servs.,

                    Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

TERRELL K. ELEBY, 86-A-0908
  Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

HON. ERIC T. SCHNEIDERMAN                 ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Terrell K.

Eleby ("Plaintiff") against the five above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), are (1) Defendants'

motion for summary judgment, (2) United States Magistrate Judge Andrew T. Baxter's Report-

Recommendation recommending that Defendants' motion be granted, and (3) Plaintiff's

Objections to the Report-Recommendation. (Dkt. Nos. 41, 46, 47.) For the reasons set forth below, the Report-Recommendation is adopted, Defendants' motion for summary judgment is granted, and Plaintiff's Amended Complaint is dismissed in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following recommendations: (1) that Defendant Morris be dismissed as a defendant for lack of personal involvement; (2) that Plaintiff's First Amendment claim be dismissed because Defendants have demonstrated that any burden was reasonably related to legitimate penological interests and in furtherance of the compelling governmental interest of prison security; (3) that Plaintiff's RLUIPA claims seeking monetary relief be dismissed against Defendants Martin, Morris, Robinson and Thomas based on the doctrine of qualified immunity; and (4) that Plaintiff's RLUIPA claims seeking declaratory relief be dismissed as moot because Plaintiff is no longer incarcerated at Auburn Correctional Facility. (Dkt. No. 46, at Part III.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections assert two arguments: (1) that, as a general matter, Defendants' motion should be denied, and his claims permitted to proceed to trial, because "Plaintiff is a pro se layman in law"; and (2) that, because Plaintiff's Objections incorporate by reference "all stated reasons . . . [previously] submitted [by him] . . . in opposition to . . . [Defendants' motion]," Magistrate Judge Baxter's findings of fact and conclusion of law should be subjected to *de novo* review. (Dkt. No. 47.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

3

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

As is clear by Plaintiff's second argument in his Objections, he does not assert a specific challenge to any portion of Magistrate Judge Baxter's Report-Recommendation but merely attempts to incorporate by reference, and thus "rehash," arguments asserted in his underlying opposition memorandum of law. *See, supra,* Part I.B. of this Decision and Order; *see also* note 3 of this Decision and Order. As a result, the Report-Recommendation deserves only a clear-error review. *Id.*

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 46.) To those reasons, the Court adds one point.

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

The first argument asserted in Plaintiff's Objections (i.e., that Defendants' motion should be denied, and Plaintiff's claims permitted to proceed to trial, because "Plaintiff is a pro se layman in law") is without merit for two alternative reasons: (1) as a threshold matter, the special solicitude a plaintiff is afforded due to his or her *pro se* status does not shield that plaintiff from the consequences of the governing procedural rules, including Fed. R. Civ. P. 56;[5] and (2) in any event, Magistrate Judge Baxter conducted a *sua sponte* review of the record out of deference to Plaintiff as a *pro se* litigant, despite Plaintiff's willful failure (that is, his failure after receiving repeated notices of the adverse consequences of failure)[6] to comply with Local Rule 7.1(a)(3) of the Local Rules of Practice for this Court (*see* Dkt. No. 46, at 2, n.1). The Court notes that such deference was extremely generous, given that Plaintiff had acquired some experience in opposing summary judgment motions *pro se* by the time he opposed Defendants' motion in this case.[7]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 46) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 41) is **GRANTED**; and it is further

---

[5] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & nn.2-4 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[6] (Dkt. No. 41, Attach. 1 [*Pro Se* Notice]; Dkt. No. 42, at 2 [*Pro Se* Notice].)

[7] *Eleby v. Selsky*, 08-CV-6420, Plf.'s Affid. in Response to Def.'s Motion for Summary Judgment (W.D.N.Y. filed June 23, 2009); *Eleby v. Simmons*, 03-CV-0636, Plf.'s Response to Defs.' Statement of Facts (W.D.N.Y. filed Mar. 24, 2004).

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 12) is **DISMISSED** in its entirety.

Dated: October 24, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge